RECEIVED
BY:
JUN 16 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ESTHER JEAN STEELE | CIVIL ACTION NO. 05-0880 |
| versus | JUDGE HICKS<br>**REFERRED TO:** |
| COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

Esther Steele ("Plaintiff") applied for disability insurance benefits based on a number of alleged health problems, including malabsorption and osteopenia that followed a gastric bypass surgery. The ALJ analyzed the claim under the five-step sequential analysis and determined at step five that Plaintiff's residual functional capacity ("RFC") for light work and her vocational factors resulted in a conclusion that Plaintiff was not disabled, pursuant to Medical-Vocational Rule 202.14.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking judicial relief pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, this action was automatically referred to the undersigned for decision and entry of judgment.

**Notice and Waiver of Right to Representation**

Plaintiff's sole issue enumerated on appeal is a claim that the ALJ erred in proceeding

with the hearing despite Plaintiff's failure to knowingly and intelligently waive her right to counsel. A claimant has a statutory right to counsel at a benefits hearing. 42 U.S.C. § 406. The Commissioner is required by Section 406(c) to notify each claimant in writing of the options for obtaining attorneys to represent persons in presenting their cases before the agency. The notification "shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." Id. The notice need not guarantee the availability of free legal services, as such services may or may not be available in a particular community. Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981).

When determining whether a claimant has received adequate notice of and knowingly and intelligently waived her right to representation, the courts frequently look to whether the agency has explained to the claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility the claimant could qualify for free representation or a contingency fee arrangement, and (3) the limitation on the amount of benefits the agency will withhold to pay toward an attorney fee. See, e.g., Castillo v. Barnhart, 325 F.3d 550, 552 (5th Cir. 2003); Clark, 652 F.2d at 403-04.

Plaintiff has a high school education plus three years of college. Tr. 50. She has also completed a number of forms and drafted several letters in connection with her case that reflect a sound understanding of the English language and an average or better ability to read and write. See, e.g., Tr. 65, 73, 78 and 83.

After Plaintiff's claim was denied at the lower administrative level, Plaintiff was advised in writing of her right to request a hearing. The notice described the hearing process and contained the following information under a heading "IF YOU WANT HELP WITH YOUR APPEAL":

> You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.
>
> If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due Social Security benefits to pay toward the fee. We do not withhold money from SSI benefits to pay your lawyer.

Tr. 28-29. The agency sent Plaintiff another letter in January 2004 that again described the hearing process and, under the heading "Your Right to Representation," provided the following information:

> You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing. If you decide to have a representative, you should find one immediately so that he or she can start preparing your case.
>
> Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it.
>
> We have enclosed the leaflet 'Social Security and Your Right to Representation.' We are also enclosing a list of groups that can help you find a representative.
>
> If you get a representative, you or that person should call us to give us his or

her name, address and telephone number. You also will need to complete our Form SSA 1696-U4 Appointment of Representative. Any local Social Security office can give you this form.

Tr. 31-32. Then, a little over a week before the hearing, the ALJ sent Plaintiff a notice that, under the heading "You May Choose to Have a Person Represent You," provided the following:

> If you want to have a representative, please get one right away. You should show this notice to anyone you may appoint. You or that person should call this office to give us his or her name, address and telephone number.

Tr. 21.

Despite the clarity of the written instructions, Plaintiff exhibited some confusion at the commencement of the hearing. The ALJ began the hearing by referring to one of the letters sent to Plaintiff advising her of her right to representation and asking Plaintiff if she understood that letter. This exchange followed:

> CLMT: I thought that I was to come before you this time by myself if but I waiver that if, if I have to be accompanied by an attorney this time. Is, is that what you're asking?
>
> ALJ: No. The letter said you may choose to be represented if you want to.
>
> CLMT: Well I –
>
> ALJ: You may choose to make your own presentation. The hearings are designed so that you can do that. However, if you think that representation would be helpful to you, then the, you were instructed to, about how to go about securing the representation. Did you understand the letter?
>
> CLMT: I, I don't recall that part but I, I, I think that I be all right to talk with you today.

ALJ: That'll be fine.

Tr. 443-44.

The leaflet, "Your Right to Representation," that was included with the January 2004 letter is not in the record, but the current version of the leaflet is SSA Publication No. 05-10075, and it is available on the agency's website at www.ssa.gov/pubs/10075.html. The leaflet sets forth clear and concise information about what a representative can do to help a claimant, the possible availability of free legal services or services from a representative who does not charge a fee unless the claimant receives benefits, that the representative may not charge a fee unless it is approved by the agency, the limits on the amount of a fee, and that the agency will usually withhold up to 25% (but never more) of past-due benefits to pay toward a fee.

The written communications to Plaintiff conveyed all of the information she needed to be adequately informed about her right to representation and to make a knowing and intelligent decision regarding representation. Plaintiff expressed some confusion at the beginning of the hearing, but after the ALJ reminded Plaintiff that she could present her case herself or seek representation, Plaintiff said she thought she would be all right to proceed alone. Plaintiff is obviously literate and does not suffer from any mental impairments that would have affected her ability to understand her rights. Under these circumstances, Plaintiff validly waived her right to representation at the hearing.

**No Prejudice**

Assuming that a claimant has not knowingly and intelligently waived her right to be represented at an administrative hearing, judicial reversal and remand is not required unless the claimant shows that she was prejudiced by her lack of representation. Brock v. Chater, 84 F.3d 726 n. 1 (5th Cir. 1996) (claimant was not prejudiced because he could point to no evidence that "would have been adduced and that could have changed the result had [the claimant] been represented by counsel."). Plaintiff points to letters from Dr. Desalu who described Plaintiff's medical problems and suggested that the recipient contact him if he had any questions or needed additional information. Plaintiff argues that an attorney would have contacted Dr. Desalu for more information, but there is no evidence that any party has yet to request or obtain any information from Dr. Desalu or that any additional information he might have could have changed the outcome at the hearing. Plaintiff also points to comments from two physicians that Plaintiff was depressed. One report contains no particular findings regarding mental health, and it was issued by a physician who was not a mental health specialist, but it does include a statement that Plaintiff "is definitely chronically depressed." Tr. 420. Another physician, also not a specialist, stated that he was impressed that Plaintiff "is quite depressed," which he implied was related to Plaintiff's domestic and medical problems. Tr. 372.

The ALJ did not ignore the prospect of a mental impairment. He noted that Plaintiff had been prescribed medication and that her physician had noted that the medication helped

Page 6 of 7

her symptoms. He also noted that Plaintiff had not been referred to a mental health professional and had never required in-patient treatment. Based on the evidence, the ALJ concluded that the mental impairment was not severe within the meaning of the regulations. Tr. 15-16. Nothing has been presented to the court to suggest that if Plaintiff had been represented by an attorney that there would have been evidence developed with respect to mental health that could have changed the outcome.

**Conclusion**

The evidence shows that Plaintiff was adequately informed about her right to representation at the hearing and that Plaintiff knowingly and intelligently waived her right. Assuming that Plaintiff did not waive her right to representation, there has not been a showing of prejudice adequate to require reversal and remand. Accordingly, a judgment affirming the Commissioner's decision will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 16th day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE